JAMES L. ARNOLD,

     Plaintiff,                      Case No.: 1:17-cv-00685-SCY-KK

v.

GRAND CELEBRATION CRUISES, LLC
and BPCL MANAGEMENT LLC a/k/a BAHAMAS
PARADISE CRUISE LINE LLC,

     Defendants.

_____/
_____

### DEFENDANT BPCL MANAGEMENT LLC'S
### MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND
### INCORPORATED MEMORANDUM OF LAW IN SUPPORT

Pursuant to Federal Rules of Civil Procedure 12(b)(2) and (6), Defendant BPCL Management LLC ("BPCL"), by and through its undersigned counsel, moves to dismiss Plaintiff's Amended Complaint (the "Complaint") for lack of personal jurisdiction and failure to state a claim upon which relief can be granted, and in support thereof incorporates the following Memorandum in Support.

Pursuant to Local Rule 7.1(a), BPCL certifies that despite efforts on July 5 and 6, 2017 by counsel for BPCL, Roy Taub, to reach counsel for Plaintiff, Sid Childress, by telephone to confer as to whether Plaintiff concurs with the requested relief, counsel for BPCL has been unsuccessful in reaching or hearing back from counsel for Plaintiff. In this connection, we note that counsel for Plaintiff also never responded to counsel for BPCL's numerous inquiries before it removed the action to this Court as to whether Plaintiff had served co-Defendant Grand Celebration Cruises, LLC ("Grand Celebration").

### PRELIMINARY STATEMENT

Plaintiff James L. Arnold's Amended Complaint names BPCL, along with an unrelated entity, Grand Celebration Cruises, LLC ("Grand Celebration"), as "Defendants" and accuses

them (together) of violating various federal and state laws in connection with an unidentified number of telemarketing calls over an unspecified period of time to his cellular telephone number. The Complaint states virtually no facts, and never comes close to explaining why (among many other things) he believes BPCL had anything to do with the telephone calls at issue. Indeed, there are no allegations describing the content of the alleged telephone calls, when they were made or by whom they were made.

Nor are there any allegations establishing the existence of personal jurisdiction. Plaintiff has not, and cannot, show that BPCL is within this Court's personal jurisdiction. BPCL is a limited liability company organized under the laws of the State of Florida and has its principal place of business in Fort Lauderdale, Florida with no jurisdictional contacts with the State of New Mexico that could be relevant to this case. Plaintiff offers nothing to satisfy his burden of establishing personal jurisdiction, and in the face of BPCL's specific denials of involvement in the alleged telephone calls or any other jurisdictional contacts with the State of New Mexico, Plaintiff cannot succeed in establishing a *prima facie* case of personal jurisdiction.

As for the alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), New Mexico Unfair Practices Act, N.M.S.A. § 57-12-1 *et seq.* ("UPA"), and various torts, Plaintiff's Complaint does little more than parrot the elements of the statutory claims and simply invokes the names of the common law torts. This is the equivalent of pleading by numbers. Plaintiff's Complaint is devoid of any well-pleaded facts that state a single plausible claim against BPCL. Indeed, Plaintiff openly admits he has no idea who called him when he alleges BPCL, Grand Celebration, or yet a separate telemarketer called him. Plaintiff offers only conclusory assertions that the telephone calls violated the TCPA and UPA, but far more is required to state a plausible (as opposed to merely conceivable) claim. Plaintiff simply

recites conclusory and speculative TCPA and UPA "buzzwords" such as "robodialed," "autodialed," and "recorded," but while the Complaint is long on these assertions that cannot be credited, it is fatally short of the well-pleaded allegations of fact Plaintiff was required to make in order to state a plausible claim.

Remarkably, and despite alleging virtually no facts about the purported telephone calls, and none connecting them to BPCL, Plaintiff proceeds to claim that BPCL committed the torts of nuisance, trespass, and intentional infliction of aggravation and distress. Plaintiff's assertion of these causes of action – merely by referring to their names – is preposterous. Even worse than Plaintiff's boilerplate recitation of elements of TCPA violations, he accuses BPCL of committing these torts without any allegations of fact whatsoever. These claims are not sufficiently stated under any pleading standard, and certainly not under one that requires plausibility. For all the reasons, the Complaint should be dismissed.

## STATEMENT OF ALLEGED FACTS

Plaintiff says that he received an unspecified number of telephone calls from BPCL and/or co-Defendant Grand Celebration Cruises, LLC ("Grand Celebration") and/or some other "telemarketer". Plaintiff conclusorily alleges that the telephone calls were made utilizing "auto-dialers ('ATDS')" and "pre-recorded messages to solicit persons to purchase goods or services," (Compl. at ¶¶ 7-8), although he never describes the contents of the telephone call or what goods or services were allegedly being solicited during these "repeated" telephone calls. Plaintiff also never alleges which of the two companies he has named as Defendants – BPCL or Grand Celebration – placed or engaged a "telemarketer" to place the telephone calls.

Plaintiff does, however, allege that "Defendants' telemarketing calls . . . have falsely appeared on his Caller ID as calls from the 505 area code," when, he claims, "[i]n fact Defendants' or their telemarketers' robot calls were placed to Plaintiff from outside the State of

New Mexico and outside the 505 area code." (*Id.* at ¶¶ 12-13). Plaintiff also alleges that "Defendants . . . intentionally, knowingly and willfully failed to disclose the name of the sponsor of the calls or the telemarketer's true name within fifteen (15) seconds." (*Id.* at ¶ 15). Plaintiff does not allege that he purchased any good or service from any Defendant.

## ARGUMENT

## I. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION

Dismissal first is appropriate under Rule 12(b)(2) for lack of personal jurisdiction. BPCL is headquartered in and incorporated under the laws of Florida, and thus cannot be said to be "at home" in New Mexico for purposes of general personal jurisdiction. Nor is there specific personal jurisdiction over BPCL, as it does not have *any* connection to the only potentially relevant jurisdictional contact with New Mexico, namely the alleged telephone calls.

### A. The Legal Standards for Personal Jurisdiction

Where a defendant challenges personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing personal jurisdiction. *See Overton v. United States*, 925 F.2d 1282, 1283 (10th Cir. 1991). To defeat a Rule 12(b)(2) motion, a plaintiff is required to make a prima facie showing of personal jurisdiction. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1069 (10th Cir. 2008).

For the purposes of determining whether a plaintiff has made a prima facie showing of personal jurisdiction, the Court must accept as true all well-pleaded factual allegations in the Complaint. *See AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008). However, "[t]he plaintiff has the duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading." *Pytlik v. Prof. Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989). "[A]ny

factual disputes in the parties' affidavits must be resolved in the plaintiff's favor." *Dudnikov*, 514 F.3d at 1070.

Furthermore, "[p]ersonal jurisdiction is established by the laws of the forum state and must comport with constitutional due process." *Fireman's Fund Ins. Co. v. Thyssen Min. Const. of Can., Ltd.*, 703 F.3d 488, 492 (10th Cir. 2012). "New Mexico's long-arm statute, N.M. Stat. Ann. ¶ 38–1–16 (1971), is coextensive with constitutional limitations imposed by the Due Process Clause." *Id.* at 492–93 (internal quotation omitted).

### B.   There Is No General Personal Jurisdiction Over CCL

"The Court's jurisdiction may rest on specific or general personal jurisdiction." *Fabara v. GoFit, LLC*, 308 F.R.D. 380, 394 (D.N.M. 2015), *as amended* (Aug. 20, 2015). "General jurisdiction is based on an out-of-state defendant's 'continuous and systematic' contacts with the forum state, and does not require that the claim be related to those contacts." *Dudnikov*, 514 F.3d at 1078. The Supreme Court has clarified that to establish general personal jurisdiction, a corporation's "affiliations with the State [must be] so 'continuous and systematic' as to render [it] essentially at home in the forum State,'" akin to the "paradigm bases for general jurisdiction" of a corporation's place of incorporation or principal place of business. *Daimler AG v. Bauman*, 134 S. Ct. 746, 760-61 (2013) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)). Here, BPCL is a Florida limited liability company with a principal place of business in Fort Lauderdale, Florida. *See* Declaration of Daniel Lambert at ¶ 3, Ex. A. BPCL has no jurisdictional contacts with New Mexico, let alone those sufficient to render it essentially "at home" there. Nor are any alleged. The Complaint thus provides no basis for the Court to exercise general jurisdiction over BPCL.

## C.    There Is No Specific Personal Jurisdiction over BPCL

Nor is BPCL subject to this Court's jurisdiction under a theory of specific personal jurisdiction.  To establish specific jurisdiction, the plaintiff must show that the defendant has "sufficient minimum contacts with the forum state, and jurisdiction over the defendant cannot offend 'traditional notions of fair play and substantial justice.'"  *Fireman's Fund*, 703 F.3d at 493 (quoting *Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal., Solano Cty.*, 480 U.S. 102, 113 (1987)). "The minimum contacts must show that 'the defendant purposefully avail[ed] itself of the privilege of conducting activities within the forum State."  *Id.* (quoting *Asahi*, 480 U.S. at 109).  "The contacts with the forum must make being sued there foreseeable so that the defendant could 'reasonably anticipate' the suit.  *Id.* (quoting *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).  Furthermore, "[t]he litigation must result from alleged injuries that arise out of or relate to those activities."  *Id.* (internal quotation and brackets omitted).  *See also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471 (1985).

In this case, the only potentially relevant activities are the telephone calls that Plaintiff alleges he received.  Plaintiff's Complaint, however, fails to plausibly state even a *prima facie* basis to find that BPCL was connected to any of the telephone calls.  Grand Celebration is entirely unrelated to BPCL, yet Plaintiff refers to the telephone calls as belonging to both "Defendants," *plural*, without ever explaining how that could be.  Far from plausibly stating a *prima facie* basis of BPCL's involvement, it appears Plaintiff is entirely ignorant as to who made the telephone calls, as he leaves open the possibility that yet a third entity – an unnamed "telemarketer" – placed the telephone calls.  (*See*, *e.g.*, Compl. at ¶ 10 ("Defendants or their telemarketers have intentionally, knowingly and willfully used an ATDS and/or auto-dialer to repeatedly call Plaintiffs cell phone for the purpose of attempting to sell Defendant's [sic] goods

and/or services.")). Nothing in the Complaint plausibly connects BPCL as making or being involved in the telephone calls that may just as likely have been made by the unrelated co-Defendant or the unidentified telemarketer. Plaintiff simply alleges in conclusory fashion that BPCL called him, without ever explaining why he believes that to be the case. He fails to even describe the content of the alleged telephone calls.

Nor could Plaintiff present any facts sufficient to permit exercising specific jurisdiction over BPCL, because BPCL did not make or engage anyone to make any telephone calls to Plaintiff's telephone number nor has it ever conducted outbound telephone marketing of the type alleged by Plaintiff to New Mexico or anywhere else in the United States. *See* Lambert Decl. at ¶¶ 6-12. That means BPCL did not have (and could not have) any jurisdictional contacts with New Mexico for purposes of specific jurisdiction in this case.

### D. Asserting Personal Jurisdiction Over BPCL Would Violate Due Process

Finally, asserting personal jurisdiction over BPCL under these circumstances would offend due process generally and its fundamental notions of "fair play and substantial justice." *Burger King*, 471 U.S. at 476. Due process requires that BPCL have sufficient minimum contacts with New Mexico arising from its conduct and connection with New Mexico that it would expect to be hauled before the State's courts. *See World-Wide Volkswagen*, 444 U.S. at 297. BPCL's contacts must be somewhat substantial, and certainly much more than "random, fortuitous or attenuated." *Burger King*, 471 U.S. at 475. As the Complaint alleges nothing that can be credited in terms of BPCL's supposed contacts with New Mexico, and the factual record demonstrates there could not have been any, (*see generally* Lambert Decl.), there is nothing in the record that would allow the exercise of jurisdiction over BPCL to comport with due process.

## II.    THE COMPLAINT FAILS TO STATE A CLAIM AGAINST BPCL

Even if the Court has personal jurisdiction over BPCL, the Court should dismiss Plaintiff's complaint under Rule 12(b)(6) for failing to state a claim against BPCL for which relief may be granted. The Complaint falls short of alleging well-pleaded facts sufficient to state plausible claims under the TCPA or UPA or common law claims for nuisance, trespass or unintentional infliction of aggravation and distress.

### A.    The Pleading Standards

A motion to dismiss under Rule 12(b)(6) requires that the Plaintiff state claim upon which relief can be granted. The Court is vested with the authority to determine if the factual allegations set forth by Plaintiff plausibly narrate a claim for relief. *Bryson v. Gonzalez*, 534 F.3d 1282, 1286 (10th Cir. 2008). "The Court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

Rule 12(b)(6) "does not provide a procedure for resolving a contest about the facts or merits of the case." *US Fax Law Center, Inc. v. iHire, Inc.*, 374 F. Supp. 2d 924, 926 (D. Colo. 2005). Accordingly, "one must read Fed. R. Civ. P. 12(b)(6) in conjunction with Fed R.Civ. P. 8(a) . . . ." *US Fax Law*, 374 F. Supp. 2d at 926. Under Federal Rule of Civil Procedure 8(a), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly, 550* U.S. at 556. "The allegations must be enough that,

if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). A "sheer possibility that the defendant has acted unlawfully, is insufficient, and "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 556 U.S. at 555-56.

In determining the plausibility of a stated claim, the Court accepts as true all well-pleaded factual allegations and construes them in the light most favorable to the plaintiff. *Jordan-Arapahoe, LLP v. Bd. of Cnty. Comm'rs*, 633 F.3d 1022, 1025 (10th Cir. 2011). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Thus, "bare assertions" which "amount to nothing more than a formulaic recitation of the elements" of a claim, must be rejected as "conclusory and [are] not entitled to be assumed true." *Id.* at 681 (quoting *Twombly*, 550 U.S. at 555).

**B.      Plaintiff Fails to Plausibly Allege any Conduct by BPCL**

The first and perhaps most fundamental reason why Plaintiff fails to state a single claim against BPCL is that Plaintiff never alleges any facts plausibly stating that BPCL had any involvement in the telephone calls at issue. A party can violate the TCPA by directly placing the telephone call at issue or indirectly for a call placed by its agent. *See In re DISH Network LLC*, 28 F.C.C. Rcd. 6574, 6584, 6586-87 (2013). *See also*, *e.g.*, *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 878 (9th Cir. 2014). Plaintiff appears to allege both may have been the case with respect to BPCL in alleging that it, Grand Celebration, ***and/or*** third-party telemarketers made the telephone calls at issue. (*See* Compl. at ¶¶ 7-16). This "all of the above" approach underscores the lack of any factual basis for asserting BPCL had any involvement in the telephone calls. Plaintiff's blanket allegations of liability fail to satisfy the plausibility standard.

Courts agree that direct liability under the TCPA can exist only against the actual *"maker"* of the call at issue, *i.e.*, the party that physically placed or initiated the call. *See*, *e.g.*, *Thomas v. Taco Bell Corp.*, 897 F. Supp. 2d 1079, 1084 (C.D. Cal. 2012), *aff'd* 582 Fed. Appx. 678 (9th Cir. 2014); *Ashland Hosp. Corp. v. Serv. Employees Int'l Union, Dist. 1199 WV/KY/OH*, 708 F.3d 737, 742-43 (6th Cir. 2013); *Donaca v. Dish Network, LLC.*, 303 F.R.D. 390, 394, 396 (D. Colo. 2014). The Complaint lacks **any** facts to permit as a plausible inference that BPCL, as opposed to anyone else, is the party that physically placed the telephone calls at issue. Plaintiff offers nothing whatsoever in the form of well-pleaded facts to connect BPCL to the calls at issue. No originating telephone number is alleged, let alone shown to be associated with BPCL, nor is there an allegation that BPCL's name was ever even mentioned on the telephone calls at issue (in fact, Plaintiff alleges the opposite). Nothing in the Complaint renders Plaintiff's allegation that BPCL made any of the telephone calls anything more than speculative.

Any claim for vicarious liability against BPCL also fails to be plausibly stated. While a non-initiating party of a telephone call "may be held vicariously liable under federal common law principles of agency for TCPA violations committed by third-party telemarketers," (*In re DISH Network*, 28 F.C.C. Rcd. at 6584) – such as under the doctrines of formal agency, apparent authority, and ratification – the Complaint never alludes to, let alone plausibly states, any agency basis for imposing vicarious liability. It is settled that a plaintiff must allege facts supporting *each* of the elements of the agency theory supporting vicarious liability.[1] The Complaint, however, is devoid of any such allegations of fact. As the Ninth Circuit explained in the specific context of a

---

[1] *See*, *e.g.*, *Jones v. All Am. Auto Prot., Inc.*, No. 314CV00199LRHWGC, 2015 WL 7566685, *3-5 (D. Nev. Nov. 24, 2015); *Bank v. Philips Electronics N. Am. Corp.*, No. 14-cv-5312 JG VMS, 2015 WL 1650926, *3 (E.D.N.Y. Apr. 14, 2015); *Jackson v. Caribbean Cruise Line, Inc.*, 88 F. Supp. 3d 129, 138-39 (E.D.N.Y. 2015); *Toney v. Quality Resources, Inc.*, 75 F. Supp. 3d 727, 742-746 (N.D. Ill. 2014); *Lucas v. Telemarketer Calling From (407) 476-5670 & Other Tel. Numbers*, No. 12-CV-630, 2014 WL 1119594, *7 (S.D. Ohio Mar. 20, 2014); *Charvat v. DFS Servs. LLC*, 781 F. Supp. 2d 588, 593 (S.D. Ohio 2011).

TCPA claim, "[Plaintiff] must demonstrate that these entities acted as an agent of [BPCL]," in that BPCL "controlled or had the right to control them and, more specifically, the manner and means of the [telemarketing] campaign they conducted." *Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1085 (C.D. Cal. 2012), *aff'd*, 582 F. App'x 678, 679 ("[W]e agree with the district judge's analysis of the evidence under the standard he applied . . . ."). *Cf. Cunningham v. Univ. of New Mexico Bd. of Regents*, 531 F. App'x 909, 920 n.13 (10th Cir. 2013) (affirming dismissal for claim based on agency principles of vicarious liability where plaintiff had not shown defendant "exerted control" over purported agent). Plaintiff does not allege any such facts. The Complaint is devoid of any allegations of fact sufficient to find that BPCL was involved in any manner, whether by making the telephone calls or through an agent, and should therefore be dismissed.

### C.  Plaintiff's Complaint Fails to State a Plausible TCPA Claim Against BPCL

Moreover, the Complaint fails to state a plausible claim for relief under the TCPA. The Complaint is devoid of facts suggesting it is plausible, rather than simply possible, that, regardless of who called Plaintiff, any of the alleged telephone calls utilized an ATDS or pre-recorded message in violation of the TCPA (as opposed to manually-dialed telephone calls involving live operators, which do not violate the TCPA). To survive a motion to dismiss for failure to state a claim, Plaintiff cannot merely allege in conclusory terms the use of an ATDS or pre-recorded messages or recite statutory elements, but must state facts that render plausible the allegation that such conduct occurred. His allegations fall far short of establishing plausibility and amount to no more than "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 1940. Plaintiff thus has not established the requisite plausibility for his TCPA claim.

The courts overwhelmingly agree that a TCPA plaintiff must plead more than the bare

allegation that an ATDS was used.[2]  Thus, "even if a plaintiff 'need not plead 'specific technical details' regarding [the defendant's] use of an ATDS. . . they must at least describe, in laymen's terms, the facts about the calls or the circumstances surrounding the calls that make it plausible that they were made using an ATDS.'"  *Kruskall v. Sallie Mae Servs. Inc.*, No. 15-cv-11780, 2016 WL 1056973, *3 (D. Mass. Mar. 14, 2016) (quoting *Baranski*, 2014 WL 1155304 at *6).  Here, Plaintiff fails to describe any aspect of the telephone calls that would support his conclusory assertion that "Defendants" or a telemarketer, let alone just BPCL, used an ATDS to call his cellular telephone.  Plaintiff simply relies upon the conclusory assertion that "Defendants or their telemarketers have intentionally, knowingly and willfully used an ATDS and/or auto-dialer to repeatedly call Plaintiffs cell phone for the purpose of attempting to sell Defendant's goods and/or services."  (Compl. at ¶ 10).  That is insufficient to state an ATDS-based claim.

For the same reason, Plaintiff also fails to state a plausible TCPA claim premised on the use of a pre-recorded message.  Nowhere does Plaintiff explain why he believes any of the telephone calls he claims to have received utilized pre-recorded messages.  As with his ATDS accusation, Plaintiff has alleged no facts to support his belief that a recorded message was used.  Although "[u]se of an ATDS and the pre-recorded nature of the messages are not legal

---

[2]  *See, e.g.*, *Williams v. T-Mobile USA, Inc.*, No. 15-CV-03384-JSW, 2015 WL 5962270 (N.D. Cal. Oct. 14, 2015); *Aikens v. Synchrony Financial* No. 15-10058, 2015 WL 5818911, *2-4 (E.D. Mich. July 31, 2015), *report and recommendation adopted*, 2015 WL 5818860 (E.D. Mich. Aug. 31, 2015); *Flores v. Adir Int'l, LLC*, No. CV1500076ABPLAX, 2015 WL 4340020 (C.D. Cal. July 15, 2015); *Gardner v. Credit Mgmt., L.P.*, No. 8:14-CV-1677-T-EAJ, 2015 WL 1235037, *2 (M.D. Fla. Mar. 17, 2015); *Huricks v. Shopkick, Inc.*, No. C-14-2464, 2014 WL 3725344, *2 (N.D. Cal. July 24, 2014); *Padilla v. Whetstone Partners, LLC*, No. 14-21079-CIV, 2014 WL 3418490, *2 (S.D. Fla. July 14, 2014); *Trumper v. GE Capital Retail Bank*, No. 2:14-cv-01211-WJMMF, 2014 WL 7652994 (D.N.J. July 7, 2014); *Baranski v. NCO Fin. Sys., Inc.*, No. 13 CV 6349 ILG JMA, 2014 WL 1155304, *6 (E.D.N.Y. Mar. 21, 2014); *McGinity v. Tracfone Wireless, Inc.*, No. 13-cv-1214, 2014 WL 1202950, *2-3 (M.D. Fla. Mar. 11, 2014); *Emanuel v. Los Angeles Lakers, Inc.*, No. CV 12-9936-GW SHX, 2013 WL 1719035, *4 n.3 (C.D. Cal. Apr. 18, 2013); *Jones v. FMA Alliance Ltd.*, 978 F. Supp. 2d 84, 87 (D. Mass. 2013); *Ibey v. Taco Bell Corp.*, No. 12-CV-0583-H WVG, 2012 WL 2401972 (S.D. Cal. June 18, 2012); *Knutson v. Reply!, Inc.*, No. 10-CV-1267 BEN WMC, 2011 WL 291076 (S.D. Cal. Jan. 27, 2011).

conclusions, they are facts. Still, when a fact is itself an element of the claim, as is the case here, it is not sufficient to recite that fact verbatim without other supporting details." *Johansen v. Vivant, Inc.*, No. 12 C 7159, 2012 WL 6590551, *3 (N.D. Ill. Dec. 18, 2012). Thus, as with allegations of use of an ATDS, the courts have held that "[i]t is not unreasonable . . . to require a plaintiff to describe the phone messages he received in laymen's terms or provide the circumstances surrounding them to establish his belief that the messages were pre-recorded . . . ." *Id.*[3] Plaintiff fails this analysis, as he has not alleged any such facts. Rather, Plaintiff conclusorily alleges that "Defendants or their telemarketers have intentionally, knowingly and willfully used a pre-recorded message . . . ." (Compl. at ¶ 11). Plaintiff therefore has not plausibly alleged use of a pre-recorded message in violation of the TCPA, either.

Moreover, to the extent Plaintiff attempts to assert a claim under the TCPA's private right of action for telephone calls in violation of the "do not call" rules, he has failed to sufficiently allege the factual basis for a cognizable claim. The TCPA permits such a private right of action only if a person "has received more than one telephone call within any 12-month period by or on behalf of the same entity . . . ." 47 U.S.C. § 227(c)(5). While Plaintiff alleges "repeated" calls, he never alleges facts sufficient to plausibly state that they were made by or on behalf of the same entity, nor does he ever allege they occurred within a 12-month period. Because the necessary predicates for any such claim are missing from the Complaint's allegations, the Court should dismiss any "do not call" claim. *See, e.g., Norman v. N. Illinois Gas Co.*, No. 13 CV 3465, 2013 WL 5746329, *3 (N.D. Ill. Oct. 23, 2013); *Worsham v. Nationwide Ins. Co.*, 138 Md. App. 487, 498-99 (Md. Ct. Spec. App. 2001).

---

[3] *See also Kruskall*, 2016 WL 1056973 at *3. *See also, e.g., Reo v. Caribbean Cruise Line, Inc.*, No. 1:14 CV 1374, 2016 WL 1109042, *4 (N.D. Ohio Mar. 18, 2016); *Padilla*, 2014 WL 3418490 at *2; *Moore v. Online Info. Servs., Inc.*, No. 13-61167-CIV, 2014 WL 11696696, *2 (S.D. Fla. Jan. 10, 2014); *Johansen*, 2012 WL 6590551 at *3.

Finally, the other aspects of Plaintiff's TCPA claim are also not enforceable by private right of action and should be dismissed on that basis as well. In particular, Plaintiff alleges that "Defendants" violated the TCPA by "us[ing] inaccurate Caller ID information" and because allegedly "the caller failed to accurately identify Defendants and provide contact information during the call as required by law." To the extent these are even violations of the TCPA, they would be violations of the TCPA's "Technical and Procedural Standards" set forth in 47 U.S.C. § 227(d) and more particularly in the regulations located at 47 C.F.R 64.1200. However, it is settled that because Section 227(d), unlike subsections (b) and (c), lacks an express private right of action, it cannot be the basis of a private TCPA claim.[4] Accordingly, Plaintiff cannot state a TCPA claim based on these supposed technical and procedural violations.

### D.      Plaintiff Fails to State a Plausible Claim Under the Unfair Practices Act

Plaintiff's claim under UPA should also be dismissed for failure to state a claim. Although not clearly set forth in Plaintiff's Complaint, he appears to be premising his UPA claim on the following provisions specific to telephone solicitations:

> A. A person shall not utilize an automated telephone dialing or push-button or tone-activated address signaling system with a prerecorded message to solicit

---

[4] *See*, *e.g.*, *Ashland Hosp.*, 708 F.3d at 745 ("On the facts alleged, it is clear that the SEIU failed to include the necessary identifying information in its prerecorded message. However, there is little KDMC can do about it. Section 227(d) does not contain a similar private right of action, unlike other subsections. . . . Thus, KDMC lacks the authority to sue for any § 227(d)(3)(A) violation even assuming it could demonstrate standing."); *Clark v. Avatar Techs. Phl, Inc.*, No. CIV.A. H-13-2777, 2014 WL 1342033, *2 (S.D. Tex. Apr. 3, 2014) ("Congress clearly knew how to create a private right of action, having done so for § 227(b) and § 227(c); 'the fact that it did so as to subsection (b) and subsection (c) but not subsection (d) of 47 U.S.C. § 227 manifests a legislative intent not to create a private right of action under subsection (d) of the statute.'") (quoting *Holmes v. Back Doctors, Ltd.*, 695 F.Supp.2d 843, 854 (S.D. Ill. 2010)); *Harris v. Am. Gen. Fin. Servs., LLC*, No. 2:10-CV-01662-GMN, 2012 WL 2243663, *2 (D. Nev. June 14, 2012) (explaining Section 227(d) "does not provide for a private right of action for violations"); *Boydston v. Asset Acceptance LLC*, 496 F. Supp. 2d 1101, 1110 (N.D. Cal. 2007) ("In contrast to section 227(b)(3), the TCPA does not provide a private right of action for violations of the technical and procedural standards imposed by section 227(d)".).

persons to purchase goods or services unless there is an established business relationship between the persons and the person being called consents to hear the prerecorded message.

B. It is unlawful under the Unfair Practices Act for a person to make a telephone solicitation for a purchase of goods or services:

(1) without disclosing within fifteen seconds of the time the person being called answers the name of the sponsor and the primary purpose of the contact;

*      *      *      *      *

C. It is unlawful for a person to:

(1) make a telephone solicitation of a residential subscriber whose telephone number has been on the national do-not-call registry, established by the federal trade commission, for at least three months prior to the date the call is made . . . .

N.M.S.A. § 57-12-22.

### 1.      Plaintiff Has Failed to Allege an Unfair Practice Generally

To the extent Plaintiff claims the telephone calls at issue violate the UPA generally as an unfair practice, the Complaint lacks allegations of fact sufficient to state a plausible claim. "A claim under the UPA must allege four elements: First, the complaining party must show that the party charged made an 'oral or written statement, visual description or other representation' that was either false or misleading. Second the false or misleading representation must have been 'knowingly made in connection with the sale, lease, rental or loan of goods or services in the extension of credit or…collection of debts.' Third, the conduct complaint of must have occurred in the regular course of the representer's trade or commerce. Fourth, the representation must have been the type that 'may, tends to or does, deceive or mislead any person.'" *U.S. ex rel. Custom Grading, Inc. v. Great American Ins. Co.*, 952 F. Supp. 2d 1259, 1268 (D.N.M. July 10, 2013).

Plaintiff has failed to state any facts that plausibly suggest that the content of the

telephone calls he attributes to BPCL was in any way deceptive. Courts in New Mexico have consistently held that "[t]he gravamen of an unfair trade practice is a misleading, false or deceptive statement made knowingly in connection with the sale of goods and services." *Diversey Corp. v. Chem-Source Corp.*, 965 P.2d 332 (N.M. Ct. App. 1998). Indeed, Plaintiff makes no reference to the content of the purported calls. With respect to the allegation that the calls to Plaintiff "falsely appeared on his Caller ID as calls from the 505 area code," and thus were "false and misleading," (Compl. at ¶¶ 12-14), Plaintiff never explains how that qualifies as deceptive for purposes of a UPA claim. It is dubious as a matter of law that a falsified caller identification phone number, particularly when the phone number was not spoofed to be a phone number known to the recipient, would constitute a misrepresentation under the UPA. *Cf. Silverstein v. Keynetics Inc.*, No. 16-cv-00684-DMR, 2016 WL 7475616, *4 (N.D. Cal Dec. 29, 2016) (holding email headers that include false "from names" were not "materially deceptive" because plaintiff did not allege the individuals listed in the "from" name fields "were actually known to him and that the email senders misappropriated or 'spoofed' their identities"); *Munekiyo v Capital One Bank, N.A.*, No. CV11-3143CASJCx, 2011 WL 6057830 (C.D. Cal. Dec. 5, 2011) (granting defendant's motion to dismiss after holding defendant's failure to disclose identity in letter sent to plaintiff was neither "misleading" nor "deceptive").

### 2. Plaintiff Has Failed to Allege Use of an ATDS or Recorded Message

Turning specifically to the telephone solicitation provisions of the UPA, Plaintiff fails to state a plausible violation of any of those provisions as well. For the same reasons set forth with respect to this TCPA claim, Plaintiff has failed to state facts sufficient to plausibly allege that BPCL used an ATDS or a recorded message in violation of N.M.S.A. § 57-12-22(A). *See* discussion at 11-13, *supra*.

### 3. Plaintiff Has Failed to Allege Non-Disclosure of the Sponsor

Nor has Plaintiff stated facts sufficient to render plausible his conclusory accusation that the telephone calls made either by "Defendants" – BPCL or Grand Celebration – or some third-party, unnamed "telemarketer" failed to disclose "within fifteen seconds of the time the person being called answers the name of the sponsor" of a telephone call in violation of N.M.S.A. § 57-12-22(B)(1). Plaintiff fails to explain who the actual sponsor of any of the telephone calls was. From the Complaint, it may be that Plaintiff believes BPCL was the actual sponsor, but Grand Celebration or some third-party telemarketer it hired did not identify it as such (or vice versa). But there is nothing in the Complaint that would explain why Plaintiff would hold any such belief and why any such belief would be plausible. Given the complete lack of any allegations regarding the content of the telephone calls, it is equally consistent that BPCL was not the sponsor of the telephone calls (nor, for that matter, Grand Celebration), so their non-identification would hardly state a plausible violation of the UPA. *See Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.") (internal quotation omitted).

### 4. Plaintiff Has Failed to Allege a "Do-Not-Call" Violation

Nor can Plaintiff state a UPA claim based on a "do-not-call" violation as a matter of law, because the telephone calls at issue are alleged to have been made to Plaintiff's cellular telephone number. (*See* Compl. at ¶ 5). Only a "telephone solicitation *of a residential subscriber* whose telephone number has been on the national do-not-call registry . . . for at least three months prior to the date the call is made" is actionable under the UPA. N.M.S.A. § 57-12-22(C)(1) (emphasis added). The statute defines "residential subscriber" to "mean[ ] a person

who has subscribed to residential telephone service from a local exchange company or the other persons living or residing with such person . . . ." *Id*. at § 57-12-22(D)(3). A cellular telephone subscriber, by definition, is not a residential subscriber. *Cf. Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1250 (11th Cir. 2014) (explaining reliance upon "47 U.S.C. § 227(b)(1)(B), which prohibits 'initiat[ing] any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party,'" was misplaced because "the telephone number in question here . . . is a cell-phone number"); *Sacchi v. Care One, LLC*, No. 2:14-CV-00698 SDW, 2015 WL 3966034, *1 (D.N.J. June 30, 2015); *Iniguez v. The CBE Group*, 969 F. Supp. 2d 1241, 1249 (E.D. Cal. 2013) ("[T]he TCPA makes a clear distinction between the provisions that apply to residential lines and those that apply to numbers assigned to a cellular telephone service."); *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1320-21 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014) ("Significantly, the TCPA's residential calls prohibition is contained within a separate subsection from the cellular calls prohibition . . . . Practical realities support a distinction between residential and cellular lines.").

### 5.     Plaintiff Never Alleges Any Actionable Injury

Finally, Plaintiff's claim under the UPA should be dismissed, regardless of the underlying alleged violation, because Plaintiff never alleges that he suffered "any loss of money or property, real or personal" as a result of BPCL's actions, which is required by the express language of the statute to assert a private right of action. N.M.S.A. § 57-12-10(B).

### E.     Plaintiff Fails to State a Claim for Nuisance

Under New Mexico law, a private nuisance is "an invasion of another's interest in the private use and enjoyment of the land, . . . or an invasion that affects a single individual or  a

determinate number of persons in the enjoyment of some private right now common to the public." *State ex rel. Village of Los Ranchos de Albuquerque v. City of Albuquerque*, 889 P.2d 198 (N.M. 1994). Courts hold that an actionable invasion must be either (a) intentional and unreasonable, or (b) unintentional and otherwise actionable under the rules controlling liability for negligent or reckless conduct, or for abnormally dangerous conditions or activities." *Id.* at 198. *Accord* Restatement (Second) of Torts §§ 821, 822 (1979).

Plaintiff's allegations fail to state a plausible nuisance claim. It is settled that for purposes of supporting a claim of nuisance, "[w]hile telephone calls might constitute a nuisance, a nuisance cannot be said to occur until the number of calls or their frequency reaches a highly offensive or intolerable level. . . . The number or frequency of calls must be great enough to seriously annoy a person of ordinary sensibilities in the locality." 58 Am. Jur. 2d *Nuisances* § 173 (2017). Over thirty years ago, the Supreme Court of Missouri found allegations of "repeated" telephone calls similar to the ones made here by Plaintiff were insufficient to state a claim for nuisance:

> Even if telephone calls might constitute a nuisance, . . . a nuisance could not be said to occur until the number of calls or their frequency reached a highly offensive or intolerable level. The allegation of "repeated telephone calls" simply does not give rise to the essential inference that their number or frequency was great enough to seriously annoy a person of ordinary sensibilities in plaintiff's locality. Repeated telephone calls are an accepted feature of everyday life, and maintaining telephone service evidences the expectation if not the hope of calls from time to time.

*Sofka v. Thal*, 662 S.W.2d 502, 509 (Mo. 1983).

Subsequently, courts have proceeded to hold either that telephone calls cannot as a matter of law constitute private nuisances (since there is no entry upon land), or such a claim would require allegations of "abusive, threatening, vile, or opprobrious" communications. *See Klein v. Just Energy Grp., Inc.*, No. CIV.A. 14-1050, 2015 WL 3407837, *4 (W.D. Pa. May 27, 2015);

*Schiller v. Mitchell*, 357 Ill. App. 3d 435, 444, 828 N.E.2d 323, 331 (2005). Plaintiff has not alleged anything of the sort here. In fact, Plaintiff has not even alleged the number or frequency of the calls he claims to have received.

**F.     Plaintiff Fails to State a Claim for Trespass**

Although styled a claim for "trespass," it appears Plaintiff is alleging a claim specifically for trespass to personalty (also known as trespass to chattels), as he never alleges that BPCL entered onto his land. *See Texas-New Mexico Pipeline Co. v. Allstate Const., Inc.*, 70 N.M. 15, 17, 369 P.2d 401, 402 (1962) ("Trespass to personalty is the intentional use or interference with a chattel which is in the possession of another, without justification.").

In response to attempts to extend this common law tort to unsolicited telephone and electronic communications – with the telephone or computer being the chattel – courts have held that "the defendant's interference must, to be actionable, have caused some injury to the chattel or to the plaintiff's rights in it." *Intel Corp. v. Hamidi*, 30 Cal. 4th 1342, 1351 (2003). The California Supreme Court, in a leading decision on the subject, ruled that "the owner has a cause of action for trespass or case, and may recover only the actual damages suffered by reason of the impairment of the property or the loss of its use." *Id*. at 1351. Thus, courts generally recognize that a plaintiff must demonstrate actual damage as a result of the interference with his or her chattel to prevail on a claim for trespass to chattels. *See United States v. Jones*, 565 U.S. 400, 419 n.2 (2012) (Alito, J., concurring) ("At common law, a suit for trespass to chattels could be maintained if there was a violation of 'the dignitary interest in the inviolability of chattels,' but today there must be 'some actual damage to the chattel before the action can be maintained.'") (quoting W. Keeton *et al.*, *Prosser & Keeton on Law of Torts* § 14, at 87 (5th ed. 1984)); *Omega World Travel, Inc. v. Mummagraphics, Inc*., 469 F.3d 348, 359 (4th Cir. 2006) ("[C]ourts that

recognize trespass to chattels based upon computer intrusions do not allow 'an action for nominal damages for harmless intermeddlings with the chattel.'") (quoting *Intel*, 30 Cal.4th at 1351); *Mount v. PulsePoint, Inc.*, No. 13 CIV. 6592 (NRB), 2016 WL 5080131, \*9 (S.D.N.Y. Aug. 17, 2016) ("[A]s applied to the online context, trespass 'does not encompass . . . an electronic communication that neither damages the recipient computer system nor impairs its functioning.'") (quoting *Hamidi*, 30 Cal. 4th at 1347), *aff'd*, No. 16-3194-CV, 2017 WL 1147191 (2d Cir. Mar. 27, 2017), as amended (May 3, 2017); *Fields v. Wise Media, LLC*, No. C 12-05160 WHA, 2013 WL 5340490, \*5 (N.D. Cal. Sept. 24, 2013) ("Allowing plaintiffs to assert a claim for trespass to chattels absent actual physical harm or impairment to their phones would vastly expand tort law and this order will not do so absent binding Ninth Circuit authority."). Here, Plaintiff fails to state a claim for trespass to chattels because Plaintiff has not alleged that the telephone calls at issue damaged his cellular telephone. Thus, Plaintiff's claim for trespass fails to state a cause of action and should be dismissed.

### G. Plaintiff Fails to State a Plausible Claim for Intentional Infliction of Aggravation and Distress

Finally, Plaintiff also fails to establish a claim for intentional infliction of aggravation and distress (or emotional distress) ("IIED"). To establish a claim for IIED, a claimant must prove: "(1) the conduct in question was extreme and outrageous; (2) the conduct of the defendant was intentional or in reckless disregard of the plaintiff; (3) the plaintiff's mental distress was extreme and severe; and (4) there is a causal connection between the defendants conduct and mental distress." *Trujillo v. Northern Rio Arriba Elec. Co-op, Inc.*, 41 P.3d 333, 342 (N.M 2001) (quoting *Hakkila v. Hakkila*, 812 P.2d 1320 (N.M. Ct. App. 1991)). The Complaint is devoid of allegations sufficient to plausibly state these elements.

With respect to whether the alleged conduct was extreme and outrageous, Plaintiff does

not allege any facts that plausibly suggest the phone calls he allegedly received constitute "extreme and outrageous" conduct. As noted above in connection with the nuisance claim, Plaintiff has not alleged the number of calls he claims to have received, their frequency, or any aspect of their content that could allow the Court to find "extreme and outrageous" conduct. New Mexico law defines "extreme and outrageous" as conduct which is "so outrageous in character, and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Trujillo,* 41 P.3d at 342. This definition has been described as creating a high standard that poses a "significant limitation on recovery." *Schueller v. Schultz*, No. 34598, 2016 WL 2853876, *2 (N.M. Ct. App. Apr. 18, 2016) (dismissing plaintiff's claim for IIED because the alleged conduct did not qualify as extreme and outrageous). Nothing in the Complaint suggests, let alone plausibly states, that the telephone calls were extreme and outrageous. While Plaintiff alleges the calls were repeated, "[t]he mere fact of repetition, alone, does not make behavior outrageous." *Padwa v. Hadley*, 981 P.2d 1234, 1241 (N.M. Ct. App. 1999).

Plaintiff also does not allege any facts that plausibly suggest he suffered "extreme and severe" mental distress as a result of allegedly receiving phone calls from Defendant. All that Plaintiff alleges is a conclusory assertion that he suffered aggravation and distress. (Compl. at ¶ 30). That is plainly insufficient given that New Mexico law defines "severe emotional distress" to "mean[ ] that 'a reasonable person, normally constituted, would be unable to cope adequately with the mental distress engendered by the circumstances.' In other words, the distress must be 'so severe that no reasonable [person] could be expected to endure it.'" *Trujillo*, 41 P. at 343 (quoting Restatement (Second) of Torts § 46 cmt. j (1965)). Nothing of the sort is alleged in the Complaint, and this is yet another reason why Plaintiff's claim should therefore be dismissed.

## CONCLUSION

Accordingly, as Plaintiff has failed to state (and cannot establish) a *prima facie* basis for exercising personal jurisdiction over BPCL, and fails to state a single plausible claim, BPCL respectfully requests the Court enter an order dismissing the Complaint with prejudice, and granting any further and additional relief the Court deems appropriate.

Dated: July 6, 2017     Respectfully Submitted,

GREENSPOON MARDER, P.A.

Neal Gidvani (SBN 146437)
3993 Howard Hughes Parkway, Suite 400
Las Vegas, NV 89169
(702) 978-4250 (Telephone)
(954) 333-4257 (Facsimile)
Neal.Gidvani@gmlaw.com

*/s/ Roy Taub*
Richard W. Epstein (Florida Bar No. 229091)
(associated *pro hac vice*)
Jeffrey A. Backman (Florida Bar No. 662501)
(associated *pro hac vice*)
Roy Taub (Florida Bar No. 116263)
(associated *pro hac vice*)
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Tel: (954) 491-1120
Fax: (954) 213-0140
Richard.Epstein@gmlaw.com
Jeffrey.Backman@gmlaw.com
Roy.Taub@gmlaw.com

*Attorneys for Defendant BPCL Management, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on all counsel of record via ECF on July 6, 2017.

*/s/ Roy Taub*
ROY TAUB