IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES L. ARNOLD,

    Plaintiff,

v.                                                                    No. CIV 17-685 JAP/KK

GRAND CELEBRATION CRUISES, LLC and
BPCL MANAGEMENT LLC a/k/a BAHAMAS
PARADISE CRUISE LINE LLC,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    Defendant BPCL Management LLC (Defendant BPCL) seeks to dismiss all of Plaintiff James L. Arnold's (Plaintiff's) claims against it for lack of personal jurisdiction and for failure to state a claim upon which relief can be granted. DEFENDANT BPCL MANAGEMENT LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT (Doc. No. 9) (Motion to Dismiss). Plaintiff argues that the Court should deny the Motion to Dismiss because he has made an adequate showing of personal jurisdiction and because he has set forth sufficient allegations to state a claim. PLAINTIFF'S RESPONSE TO MOTION TO DISMISS (Doc. No. 12) (Response). Defendant BPCL asserts that "Plaintiff's Response fails to meet his burden of rebutting BPCL's submission of proof of lack of jurisdictional contacts, and fails to point to allegations that succeed in stating a plausible claim against BPCL." DEFENDANT BPCL MANAGEMENT, LLC'S REPLY TO PLAINTIFF'S RESPONSE TO THE MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Doc. No. 14) (Reply at 2).

1

## Background and Procedural History

On May 22, 2017, Plaintiff filed in the First Judicial District Court in the State of New Mexico an AMENDED COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, THE UNFAIR PRACTICES ACT AND TORTS (Doc. No. 1) (Amended Complaint), alleging, in part, that Defendant BPCL violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, et seq. On June 29, 2017, Defendant BPCL removed this case to federal court on the basis of federal question jurisdiction.[1]

Plaintiff contends that "Defendants own and operate a cruise ship named "The Grand Celebration, which ports in Palm Beach County, Florida" and that "Defendants or their telemarketers" called Plaintiff's wireless cell phone in New Mexico to solicit business by using auto-dialers (ATDS) or pre-recorded messages in violation of the TCPA. Amended Complaint, ¶¶ 4–16. More specifically, Plaintiff asserts that Defendants and/or their telemarketers unlawfully: 1) used an ATDS to call Plaintiff's cell phone; 2) used pre-recorded messages to solicit business by calling Plaintiff's cell phone without Plaintiff's prior consent; and 3) made telemarketing calls to Plaintiff's cell phone by falsely using telephone numbers with a "505" area code ("robot calls") even though the robot call was made outside the 505 area code; and 4) made robot calls to Plaintiff's cell phone number by failing to disclose the name of the caller or the telemarketer's true name within 15 seconds. Amended Complaint ¶¶ 5, 7, 8, 9, 10, 12, 15.

Plaintiff further alleges that he is suing "each of Defendants[] or their telemarketers[]" under the TCPA and the New Mexico Unfair Practices Act, and for "nuisance, trespass and intentional infliction of aggravation and distress." *Id.* ¶¶ 27, 30, 32. Plaintiff seeks trebled

---

[1] In the Notice of Removal ¶ 12 (Doc. No. 1), Defendant BPCL noted that Plaintiff did not respond to inquiries whether co-Defendant Grand Celebration Cruises, LLC ("Grand Celebration Cruises") had been properly joined and served with the Amended Complaint. However, Grand Celebration Cruise's agent informed Defendant BPCL that it had not been served with the Amended Complaint. *Id.* Thus, Defendant BPCL did not obtain consent to removal by the co-Defendant. *Id.*

damages up to $1500 for each violation of the TCPA and asks for an award of nominal and punitive damages, which he believes total at least $50,000. *Id.* ¶¶ 26, 31. The Amended Complaint also requests class certification under New Mexico Rule of Civil Procedure 1-023. *Id.* ¶¶ 33–50.

**Motion to Dismiss**

Defendant BPCL believes that dismissal is appropriate for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) because BPCL is headquartered in Florida, incorporated under the laws of Florida, and has no connection to the State of New Mexico. Motion to Dismiss at 4. In addition, Defendant BPCL argues that the Amended Complaint fails to state a claim against BPCL under Fed. R. Civ. 12(b)(6). Because the Court determines that Plaintiff's allegations do not establish personal jurisdiction over Defendant BPCL, the Court does not address BPCL's Motion to Dismiss for failure to state a claim.

**Analysis**

**Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction**

A.  Legal Standard

Personal jurisdiction may exist in two ways: 1) general jurisdiction and/or 2) specific jurisdiction. A court has general jurisdiction over a defendant when the defendant's contacts with a state "are so 'continuous and systematic' as to render [the defendant] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citation omitted). In contrast, "specific jurisdiction … 'depends on an affiliation[n] between the forum and the underlying controversy,' principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id.* (citation omitted). Because

Plaintiff does not appear to assert the existence of general jurisdiction, *see* Response at 6, this Court addresses whether it has specific jurisdiction over non-resident Defendant BPCL.

Specific jurisdiction grows out of "the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, ––– U.S. ––––, 134 S.Ct. 1115, 1121 (2014) (citation omitted). If the "controversy is related to or 'arises out of' [Defendant BPCL's] contacts with the forum[,]" specific jurisdiction exists. *Helicopteros Nacionales de Colom., S.A. v. Hall*, 466 U.S. 408, 414 (1984) (citation omitted). The Tenth Circuit Court of Appeals observes that the specific jurisdiction inquiry involves two steps.

> First, we must determine whether the defendant has such minimum contacts with the forum state "that he should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1979)). Second if the defendant's actions create sufficient minimum contacts, we must then consider whether the exercise of personal jurisdiction over the defendant offends "traditional notions of fair play and substantial justice." *Asahi Metal Indus. Co. v. Superior Court of California*, 480 U.S. 102, 113 (1987).

*OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1090–91 (10th Cir. 1998).

Put differently, to establish specific jurisdiction, Plaintiff must show that Defendant BPCL has sufficient minimum contacts with New Mexico and that jurisdiction over Defendant BPCL does not offend "traditional notions of fair play and substantial justice." *Fireman's Fund Ins. Co. v. Thyssen Min. Constr. of Can., Ltd.*, 703 F.3d 488, 493 (10th Cir. 2012). A defendant has sufficient minimum contacts with the forum state to support the exercise of specific jurisdiction if two requirements are met: (1) "the defendant [has] purposefully directed his activities at residents of the forum," and (2) "the plaintiff's claim arises out of or results from 'actions by the defendant *himself* that create a substantial connection with the forum state.'" *OMI Holdings*, 149 F.3d at 1091 (citations omitted) (emphasis in original).

4

When a defendant challenges the Court's jurisdiction, Plaintiff bears the burden of demonstrating that jurisdiction exists. *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). Plaintiff's burden is light in the early stages of litigation before discovery. *Id.* For example, where there is no evidentiary hearing and the jurisdictional question is decided on the parties' affidavits and written materials, Plaintiff need only make a prima facie showing of personal jurisdiction. *Id.*

The Court accepts as true all well-pleaded facts (that are plausible, non-conclusory, and non-speculative) alleged by Plaintiff unless Defendant controverts those facts by affidavit. *Shrader v. Biddinger*, 633 F.3d 1235, 1248 (10th Cir. 2011). The Court resolves factual disputes in the parties' affidavits in Plaintiff's favor. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008).

B.  Discussion

Plaintiff's Amended Complaint alleges that both Defendants and/or their unidentified telemarketers made the offending telephone calls. Amended Complaint ¶¶ 3, 4, 7, 10. Plaintiff attempts to clarify in his Response to the Motion to Dismiss that he dismissed Defendant Grand Celebration Cruises before the case was removed to federal court. Plaintiff states that he now believes Grand Celebration Cruises "ha[d] nothing to do with the unlawful telemarketing the subject of Plaintiff's Complaint, but merely coincidentally bears the name of Defendant [BPCL]'s cruise ship." Response at 1. Plaintiff did not amend the caption of the Amended Complaint or its allegations but now apparently contends that Defendant BPCL is the sole owner and operator a cruise ship named "The Grand Celebration," and that only Defendant BPCL uses unidentified third-party telemarketers and/or travel agents to unlawfully "mass auto-dial consumers across the USA." *Id.*

Defendant BPCL produced a Declaration of its Manager Daniel Lambert who states that BPCL does not have any business or agents in New Mexico, has never had an employee or agent visit New Mexico, has no affiliation with Defendant Grand Celebration Cruises, "has never participated in, set-up, directed, controlled, or had the right to do any such things with respect to the alleged telephone calls to Plaintiff[,]" does not employ third parties to make outbound telemarketing calls on its behalf and does not itself make outbound telemarketing calls of the kind Plaintiff alleges he received, "has never had any contractual or business relationship with or controlled or had the right to control any [of Defendant] Grand Celebration [Cruise]'s activities[,]" and did not receive any benefit from any outbound telemarking calls to persons in New Mexico of the kind Plaintiff alleges he received. Lambert Decl. ¶¶ 4, 5, 7, 8, 9, 10, 12 (Doc. No. 10).

In his Response, Plaintiff presents a mishmash of legal principles and argument. *See* Response at 1–2 (setting out allegations from the Amended Complaint); 2–6 (discussing the TCPA, its legislative history, and related case law; 6–11 (presenting the applicable law regarding specific personal jurisdiction and related case law); 11–14 (arguing why Plaintiff has stated a claim under the TCPA and why there is specific personal jurisdiction over Defendant BPCL); 14–16 (arguing why Plaintiff has stated a claim under the New Mexico Unfair Practices Act); 16–21 (setting forth additional law about specific personal jurisdiction and arguing why the Court has specific personal jurisdiction over Defendant BPCL)[2]; and 21–22 (arguing why Plaintiff has stated claims for nuisance, trespass, and intentional infliction of emotional distress).

In support of specific personal jurisdiction, Plaintiff asks the Court to conclude that Defendant BPCL "caus[ed] illegal phone calls to be made into New Mexico, either itself or

---

[2] Presumably, Plaintiff's references to a defendant "PFG" on page 20 of the Response should have been to Defendant BPCL.

directly through its marketing agent(s)." Response at 16. Plaintiff argues that his attached Declaration demonstrates that "Defendant [BPCL] either directly or by its agent made at least one illegal phone call to Plaintiff's cell phone." *Id.* at 17. Plaintiff states that the single telephone call he received on April 24, 2017 was from a number identified as "505-814-7123." Arnold Decl. ¶ 1 (Doc. No. 12–1). Plaintiff represents that when he answered the telephone call on April 24, 2017, he was greeted by a pre-recorded message saying the call was from "Jeff," a "personal travel consultant." *Id.* Plaintiff's Declaration further states:

> The recorded message spoke about a cruise and trip to Orlando then allowed me to transfer to a real person. When I transferred to a real person, a person came on the line who said she was "Marie" from the "Orlando Welcome Center" which was connected to "Grand Celebration Cruises". The statements Marie made to me implied that she was calling on behalf of Grand Celebration Cruises. She attempted to sell me a 3-day cruise to "Grand Bahama Island" on the Grand Celebration Cruise Ship. I asked "Marie" if I could think about it and if there was a number I could call them back at. She said I could call back at 844-554-7263.
>
> I called 505-814-7123 back later but when I did I only got a message that said "Thanks for calling. The survey you were called for is now finished.

*Id.* ¶¶ 1–2.

Plaintiff also asserts that Mr. Lambert's Declaration "cannot be a basis for dismissal of Plaintiff's Amended Complaint because the facts alleged by Lambert are controverted by the Plaintiff's Declaration." *Id.* at 13. Plaintiff contends that there are "disputed genuine issues of material fact[,]" that "[t]he telemarketers in this case implied they were working for Defendant[,]" and that "[t]he telemarketer said the caller was 'connected' to Defendant." *Id.* at 13–14. Plaintiff asks to conduct some discovery regarding the sources of the telephone calls he received, of the telephone number from which he received the call on April 24, 2017, and of "Defendant's recent bookings for cruises." *Id.* at 14.

7

Plaintiff's request for discovery illustrates the problem he has in demonstrating this Court's specific personal jurisdiction over Defendant BPCL, namely that Plaintiff does not know who called him on April 24, 2017 or who has "repeatedly call[ed] Plaintiff's cell phone" for purposes of attempting to sell someone's goods or services. *See* Amended Complaint ¶ 10. Plaintiff initially alleged that both Defendants BPCL and Grand Celebration Cruises, and/or their telemarketers, made the pertinent telephone calls. Amended Complaint ¶¶ 6–17. These allegations imply that the two Defendants were acting together. Then Plaintiff conceded that Defendant Grand Celebration Cruises "had nothing to do with the unlawful telemarketing." Response at 1. Yet, Plaintiff did not amend the allegations in the First Amended Complaint. Instead, Plaintiff engages in a guessing game, i.e., speculating that if Defendant Grand Celebration Cruises did not make the offending telephone calls, it must have been Defendant BPCL. Even accepting as true all of Plaintiff's well-pleaded allegations, Plaintiff's allegations do not suffice in demonstrating specific personal jurisdiction over Defendant BPCL.

The Court recognizes that it must resolve all disputes in the parties' affidavits in Plaintiff's favor at this stage of the litigation. *Behagen v. Amateur Basketball Ass'n of U.S.A.*, 744 F.2d 731, 733 (10th Cir. 1984), *cert. denied*, 471 U.S. 1010 (1985). However, Plaintiff has not identified a dispute. Plaintiff argues that his own Declaration controverts Mr. Lambert's Declaration, but Plaintiff does not specify any statement in his Declaration that contradicts Mr. Lambert's representations that Defendant BPCL did not direct or control the alleged telephone calls to Plaintiff and did not employ any third parties to make outbound telemarketing calls of the kind Plaintiff alleges he received. According to Plaintiff, the "telemarketers in this case implied they were working for Defendant" and during the April 24, 2017 telephone call, the telemarketer

8

said the caller was "connected" to Defendant. Response at 13–14. The Court simply will not make the same leap that Plaintiff has made.

For example, Plaintiff declares that Marie, the alleged telemarketer, told Plaintiff that she was from the "Orlando Welcome Center" that was connected to "Grand Celebration Cruises." Arnold Decl. ¶ 1. The Amended Complaint merely avers that "Defendants own and operate a cruise ship named "Grand Celebration, which ports in Palm Beach County, Florida." Amended Complaint ¶ 4. There are no allegations that connect Defendant BPCL to the "Orlando Welcome Center" or to an entity named "Grand Celebration Cruises." As already noted, Grand Celebration Cruises is the name of the Defendant that Plaintiff states he has dismissed from this lawsuit as having had nothing to do with the alleged wrongful telephone calls. Response at 1. Moreover, while the Amended Complaint may allege that Defendant BPCL sometimes chooses to call itself "Bahamas Paradise Cruise Line LLC," Amended Complaint ¶ 3, there is no similar allegation that BPCL calls itself Grand Celebration Cruises or even that BPCL owns a cruise ship named "Grand Celebration Cruises." *See id.* ¶ 4. Furthermore, in contrast to Plaintiff's supposition, Marie, the alleged telemarketer, did not say she was "connected" to Defendant BPCL. There was no mention of BPCL or Bahamas Paradise Cruise Line LLC during the April 24, 2017 telephone call upon which Plaintiff relies. Thus, while Plaintiff may choose to infer that Marie was acting on behalf of Defendant BPCL, Marie's alleged statements do not allow the Court to infer that the telemarketer was operating on behalf of Defendant BPCL.

In *Bound v. Grand Bahama Cruise Line, LLC and Cruise Operator, Inc.*, 15-CV-2856 LMM (N.D. Ga. Jan. 19, 2016) (unpublished) (Doc. No. 14–1), the United States District Court in the Northern District of Georgia reached a similar conclusion in deciding the question of personal jurisdiction. In *Bound*, Mr. Lambert also provided a Declaration, wherein he testified

9

that the defendant did not operate in Georgia and did not engage in outbound telephone solicitation calls, either directly or through third parties. *Id.* at 5–6. The *Bound* Court concluded that the plaintiff's arguments and speculation were "too attenuated to link [the defendant] to the calls [p]laintiff received in Georgia." *Id.* at 9. The Court, in *Bound*, reasoned that the only evidence the plaintiff provided did not directly connect the alleged wrongful conduct to the defendant. *Id.* And, the only testimony in the plaintiff's affidavit about telephone calls he allegedly received did not mention the defendant. *Id.* at 9–10. Because the plaintiff failed to provide any logical connection between the defendant and the telephone calls, the Court could not infer that the defendant's activities fell within the Georgia long-arm statute. *Id.* at 10. Thus, the Court, in *Bound*, declined to exercise jurisdiction "based on purely speculative allegations which are contradicted by evidence." *Id.*

This Court finds the *Bound* decision persuasive due to the very similar arguments and facts presented in both proceedings. In contrast, the Court is unpersuaded by Plaintiff's reliance on *Ott v. Mortg. Inv. Corp. of Ohio, Inc.*, 65 F. Supp. 3d 1046 (D. Or. 2014), where the United States District Court in the District of Oregon determined that it had personal jurisdiction over the individual defendants. In *Ott*, the plaintiffs' complaint contained numerous specific allegations regarding the defendant's telephone calls to the plaintiffs. *Id.* at 1053. For example, the complaint in *Ott* alleged, inter alia, that "hundreds of telemarketers use written scripts to make unsolicited outbound telephone calls, encouraging consumers to schedule in-home sales appointments with company-affiliated loan officers." *Id.* The plaintiff also averred that the defendant made more than 5.4 million calls to numbers listed on the "Do Not Call" list and that thousands of consumers had filed complaints about the calls to the FTC. *Id.* at 1053–54. There are no similar allegations in the present proceeding.

Moreover, the individual defendants in *Ott*, unlike Defendant BPCL, did not appear to challenge the allegation that they were involved in the pertinent telemarketing operations. *See id.* at 1057 (noting the individual defendants' position that the mere oversight of their company's telemarketing operations could not support personal jurisdiction). In sum, the allegations in *Ott* are distinguishable from Plaintiff's speculative, vague, and scant jurisdictional allegations against Defendant BPCL.

Therefore, even after considering the pleadings and affidavits in the light most favorable to Plaintiff, the Court finds that Plaintiff has failed to demonstrate that Defendant BPCL has sufficient minimum contacts with the State of New Mexico and/or that jurisdiction over Defendant BPCL would not offend "traditional notions of fair play and substantial justice." *See Fireman's Fund Ins. Co.*, 703 F.3d at 493. Accordingly, the Court concludes that it lacks personal jurisdiction over Defendant BPCL and will grant Defendant BPCL's Motion to Dismiss under Rule 12(b)(2).

With respect to Plaintiff's possible request to conduct jurisdictional discovery, *see* Response at 14, the Court denies the request. Here, Plaintiff's claim of personal jurisdiction over Defendant BPCL "appears to be both attenuated and based on bare allegations in the face of specific denials" made by Defendant BPCL. *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006) (citation omitted). "The Federal Rules of Civil Procedure require[] [a p]laintiff to have a good-faith basis for asserting personal jurisdiction over [a d]efendant[] prior to filing his complaint." *Weisler v. Cmty. Health Sys., Inc.*, No. CIV. 12-0079 MV/CG, 2012 WL 4498919, at *15 (D.N.M. Sept. 27, 2012). Under the present circumstances, the Court need not permit even limited jurisdictional discovery.

However, the Court elects to dismiss this proceeding without prejudice so that Plaintiff has an opportunity to file a Second Amended Complaint to the extent he can, consistent with Fed. R. Civ. P. 11, allege sufficient jurisdictional facts against an appropriate Defendant.

IT IS THEREFORE ORDERED that:

(1)     DEFENDANT BPCL MANAGEMENT LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT. (Doc. No. 9) is GRANTED with the result that Plaintiff's Amended Complaint is DISMISSED without prejudice for lack of personal jurisdiction; and

(2)     By no later than August 30, 2017, Plaintiff may file a Second Amended Complaint, provided he can, consistent with Fed. R. Civ. P. 11, allege sufficient jurisdictional facts against an appropriate Defendant.

_____
SENIOR UNITED STATES DISTRICT JUDGE