IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES L. ARNOLD,

    Plaintiff,

vs.                                              Case No. 1:17-cv-685-JAP-KK

JANE DOES 1-10,

    Defendants.

## SECOND AMENDED COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, THE UNFAIR PRACTICES ACT AND TORTS

TO THE HONORABLE COURT:

1.    Plaintiff James L. Arnold ("Plaintiff") is a real person residing in Santa Fe County, New Mexico who may be contacted through his undersigned attorney.

2.    Plaintiff is one of the large numbers of US residents whose phones are plagued by unlawful telemarketing solicitations despite being listed on the Federal Communication Commission's National Do-No-Call Registry ("the Registry").  Plaintiff reports that unlawful telemarketers regularly harass him and invade his privacy by placing unsolicited calls to his telephones, often using fake Caller ID to mislead Plaintiff into a belief the calls are from legitimate local callers, so he will be more likely to answer.  To minimize the risk they will be held accountable for their widespread illegal conduct, these telemarketers also routinely, during and after their illegal phone calls, make themselves and the businesses they are

working for difficult to identify.

3.     By this action, Plaintiff asserts his claims pursuant to the Telephone Consumer Protection Act ("the TCPA") and New Mexico state law.

4.     Jane Does 1-10 ("Defendants") are telemarketers or others who have unlawfully harassed Plaintiff and invaded his privacy by using auto-dialer machines and artificial or pre-recorded voice messages to place unsolicited telemarketing calls to Plaintiff.  Their identities will be discovered then process will be served on them in this matter.

5.     One of Plaintiff's telephones is a wireless cell phone (239-290-9100).  Plaintiff's cell phone number at all relevant times has been continuously listed on the National Do-Not-Call Registry.

6.     Defendants have no regard or concern for the fact that any particular phone number may operate a wireless or cell phone or may be listed on the National Do-Not-Call Registry.

7.     Defendants intentionally, knowingly and willfully utilize auto-dialers ("ATDS") to call cell phones and phone numbers listed on the National Do-Not-Call Registry, for the purpose of making telephone solicitations.

8.     Defendants intentionally, knowingly and willfully utilize artificial or pre-recorded voice messages to solicit persons to purchase goods or services, without there being any established business relationship with the persons called and without consent of the persons being called.

9.     Defendants intentionally use an auto-dialer to seek potential customers for their products and services.

10.    Defendants or their telemarketers have intentionally, knowingly and willfully used an

ATDS and/or auto-dialer to call Plaintiff's cell phone for the purpose of attempting to sell Defendant's goods and/or services.

11. On 4/24/17 at approximately 11:40 AM mountain standard time Plaintiff received an unsolicited call on his cell phone number 239-290-9100 that used Caller ID of "505-814-7123" ("the robot call"). Plaintiff had previously received other phone calls with this same Caller ID.

12. Plaintiff answered the robot call and was then greeted by a machine that directed an artificial or pre-recorded voice message at him.

13. Defendants are responsible for the robot call.

14. Investigation will likely prove that the robot call was not placed to Plaintiff from within the 505 area code or the State of New Mexico, but was directed into the forum state (New Mexico) from elsewhere.

15. During the robot call Plaintiff was allowed to be transferred to a live telemarketer.

16. During the robot call Defendants and their agents failed to disclose their true names, the true sponsor of the call or any accurate contact information within fifteen (15) seconds after Plaintiff answered their unlawful call.

17. During the robot call Defendants and their agents used the fake name "Orlando Welcome Center". On inquiry by Plaintiff he was given a telephone number he could call Defendants back at: 844-554-7263.

18. Plaintiff has called 844-554-7263 and the proprietors of that phone number also use the name "Orlando Welcome Center".

19. It is reasonable under the circumstances to assume that if Defendants gave Plaintiff the

phone number 844-554-7263 to call back at, Defendants are also the proprietors of the phone number 844-554-7263, because Defendants' purpose is to make money by their unlawful behavior and they would have incentive to direct consumers only back to themselves.

20. By their unlawful conduct described above, Defendants attempt to sell and book cruises on the cruise ship "Grand Celebration" owned and operated by the Florida company BPCL Management LLC a/k/a Bahamas Paradise Cruise Line LLC ("BPCL").

21. Plaintiff was in Santa Fe, New Mexico when Defendants and/or their telemarketers called Plaintiff and his phone with their auto-dialers and pre-recorded messages.

22. Defendants do business within the State of New Mexico because Defendants and/or their telemarketers regularly, automatically, repeatedly telephone the telephones of New Mexico residents located within the State of New Mexico for the purpose of advertising Defendants' and BPCL's products and services to New Mexico consumers. Defendants market and sell their products and services throughout the State of New Mexico.

23. This Court has jurisdiction and venue is proper.

24. To the extent any Defendants do not auto-dial or robot-call directly, they use third-party telemarketers to do so and are vicariously liable for the unlawful calls of their telemarketers.

25. If Defendants' conduct as alleged above was not intentional, knowing or will-full then it was negligent and grossly negligent.

26. Plaintiff has never had any established business relationship with Defendants.

27. Plaintiff has never consented to being auto-dialed or robo-called or to having his privacy invaded and days disrupted by an ATSD nuisance robot-caller trespassing on his

phone.

28.     Plaintiff has suffered concrete, particularized and de facto injury as a result of Defendants' conduct set forth above because he had his privacy invaded, he was harrassed and because he was intentionally subjected to a nuisance caused and created by Defendants.

29.     Defendants are responsible for the telemarketing campaign Plaintiff was victimized by.

30.     Defendants had the authority and responsibility to prevent or correct the unlawful telemarketing practices that are the subject of this Complaint.

31.     Defendants formulated, directed, controlled and participated in the unlawful telemarketing practices that are the subject of this Complaint.

32.     Defendants directly and personally participated in, ratified, directed and/or authorized the unlawful telemarketing practices that are the subject of this Complaint.

33.     Defendants personally established, approved and ratified the marketing policies and practices that are the subject of this Complaint, oversaw operations and were directly involved in the business practices the subject of this Complaint that violated the Telephone Consumer Protection Act (hereinafter "the TCPA") and the New Mexico Unfair Practices Act ("the UPA").

34.     Plaintiff hereby brings this action pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, to enjoin Defendants' unlawful behavior and require compliance

with federal law regarding auto-dialers and robo-calls and regarding unsolicited telemarketing to numbers listed on the National Do-Not-Call Registry.

35. Plaintiff hereby brings this action pursuant to 47 U.S.C. § 227 to receive from Defendants $500-$1500 for each of Defendants' or their telemarketers' calls to Plaintiff.

36. As a result of Defendants' knowing and/or willful violations of the TCPA and as provided by the statute, Plaintiff is entitled to and should recover against them treble damages up to $1500 for each and every violation of the statute.

37. Defendants' unlawful behavior set forth above is a nuisance, harassment, waste of Plaintiff's time, and is intentional, willful, wanton, knowingly wrong and reckless.

38. Plaintiff has incurred actual damages as a result of Defendants' unlawful behavior set forth above.

39. Plaintiff hereby sues Defendants for nuisance, trespass and intentional infliction of aggravation and distress.

40. Plaintiff should have and recover judgment against Defendants for all his actual damages, for nominal damages, and for an amount of punitive or exemplary damages sufficient to set an example and deter in the future the conduct complained of by Defendants or others. All actual, nominal and punitive or exemplary damages to Plaintiff total at least $50,000.00.

41. Plaintiff hereby brings this action pursuant to the New Mexico Unfair Practices Act, NMSA §§ 57-12-22 and 57-12-10, to recover Plaintiff's attorney fees and costs necessary for this matter, for his damages, and to enjoin Defendants' unlawful behavior and require compliance with federal and state law regarding the use of auto-dialers, robo-calls and fake

Caller ID.

<u>Request for Class Certification pursuant to New Mexico Rule of Civil Procedure 1-023</u>

42. Plaintiff brings this case individually and also as a class action on behalf of certain others similarly situated including several subclasses.

43. Plaintiff brings this case individually and also as a class action on behalf of all New Mexico residents who have never had any established business relationship with Defendants, to whom Defendants or their telemarketers have directed telephone solicitations with an auto-dialer or by use of an artificial or pre-recorded voice message, and who when they answered Defendants' unlawful call did not hear Defendants' name or the true name of the telemarketers within 15 seconds.

44. Plaintiff brings this case individually and also as a class action on behalf of all New Mexico residents who have never had any established business relationship with Defendants, to whom Defendants or their telemarketers directed telephone solicitations with a phone call that appeared on the recipients' Caller ID as a phone call originating from "505-814-7123" when in fact these phone calls were not placed from within the forum state.

45. Defendants and their telemarketers used a scripted, standardized sales pitch with all class-members.

46. All the non-named class members should recover at least $500 each from Defendants.

47. The injunctions Plaintiff seeks should extend to the benefit of all class members.

48. Common questions of law and fact exist as to all members of the Class, which predominate over any questions affecting only individual members of each Class.

49. Plaintiff and all the class-members have suffered concrete, particularized and de facto

injury as a result of Defendants' conduct set forth above because they had their privacy invaded, were harrassed and were subjected to a nuisance caused and created by Defendants.

50. All class claims arise from the same practices and methods by Defendants and are all based on similar legal and factual theories.

51. When the common questions are resolved as to Plaintiff, they will also be resolved as to the members of the plaintiff class.

52. The prosecution of separate actions by individual members of the class would create risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendants.

53. Defendants have acted on grounds generally applicable to the class as a whole, thereby making appropriate final relief with respect to the class as a whole.

54. The claims of the named Plaintiff are typical of the claims of the class he seeks to represent, which has the same or similar claims.

55. The members of the plaintiff class have suffered the same injuries and possess the same interests as the Plaintiff.

56. Plaintiff will fairly and adequately represent and protect the interests of the plaintiff class members and he has no interests antagonistic to those of the class members.

57. The expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the plaintiff class to seek redress individually.

58. The existing issues can be determined in a class action in a manageable, time-efficient yet fair manner.

59. Defendants have knowledge of who all the class-members are and the identities of the

class members will be discovered from Defendants.

WHEREFORE, Plaintiff prays for entry of judgment for his actual, nominal, punitive and exemplary damages totaling at least $50,000.00; for injunctive relief pursuant to the Telephone Consumer Protection Act and the New Mexico Unfair Practices Act; and for such other and further relief as the court deems just, proper and lawful. Plaintiff prays the court certify the classes of plaintiffs and enter judgment consisting of injunctive relief and at least $500 damages for each member of the class. Plaintiff requests an award of his attorney fees and costs.

RESPECTFULLY SUBMITTED,

By:  /s/ Sid Childress
 ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Sid Childress, Lawyer
PO Box 2327
Santa Fe, NM 87504
childresslaw@hotmail.com
(505) 433 - 9823
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I caused this document and all attachments to be served in accordance with D.N.M.LR-CIV. 5.1 by filing it through the Court's CM/ECF electronic filing system.

/s/ Sid Childress
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯