# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JAMES L. ARNOLD,

    Plaintiff,

v.                                                                                 No. CIV 17-685 JAP/KK

GRAND CELEBRATION CRUISES, LLC and
BPCL MANAGEMENT LLC a/k/a BAHAMAS
PARADISE CRUISE LINE LLC,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On August 16, 2017, the Court entered a MEMORANDUM OPINION AND ORDER (Doc. No. 19), granting Defendant BPCL Management LLC's Motion to Dismiss for lack of personal jurisdiction. The Court allowed Plaintiff James L. Arnold to file a Second Amended Complaint provided he could, within the constraints of Fed. R. Civ. P. 11, allege sufficient jurisdictional facts against an appropriate defendant. Doc. No. 19 at 12.

On August 28, 2017, Plaintiff filed a SECOND AMENDED COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, THE UNFAIR PRACTICES ACT AND TORTS (Second Amended Complaint) (Doc. No. 21). Rather than identify an appropriate defendant, Plaintiff named only "Jane Does 1-10" as defendants. On August 30, 2017, Plaintiff filed a MOTION FOR SUBPOENA DISCOVERY (Doc. No. 22) asking the Court to approve issuance of two attached subpoenas.

Rule 10 of the Federal Rules of Civil Procedure provides that a "complaint must name all the parties." Fed. R. Civ. P. 10(a). "A court will dismiss a civil action or a claim for relief contained in the complaint if the complaint fails to identify a party sufficiently to permit the

1

necessary service of process." 2 *Moore's Federal Practice* ¶ 10.02 (3d ed. 2016). In *Local Acceptance Co. of Florida v. Doe*, 962 F. Supp. 1495, 1496 (S.D. Fla. 1997), which also involved a plaintiff's attempt to bring suit against only Doe defendants, the federal district court dismissed with prejudice the amended complaint because the complaint "fail[ed] to name a Defendant capable of being served and fails to cite any authority for filing such a complaint." *See also Raby v. Reese*, No. CV 15-0159-WS-C, 2016 WL 1642677, at *1 n.1 (S.D. Ala. Apr. 25, 2016) (collecting cases finding that fictitious-party pleading is generally not permitted in federal court).

Plaintiff has not identified any circumstances that would convince the Court to allow the "Doe-Complaint" to proceed, and the Court will not authorize Plaintiff's fishing expedition. Therefore, the Court will deny the Motion for Subpoena Discovery and will dismiss the Second Amended Complaint. However, the Court again will permit Plaintiff to file a Third Amended Complaint provided he can do so within the constraints of Rule 11.

IT IS THEREFORE ORDERED that:

1) Plaintiff's Motion for Subpoena Discovery (Doc. No. 22) is DENIED;

2) Plaintiff's SECOND AMENDED COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, THE UNFAIR PRACTICES ACT AND TORTS (Doc. No. 21) is DISMISSED without prejudice; and

3) by no later than November 15, 2017, Plaintiff may file a Third Amended Complaint, provided he can, consistent with Fed. R. Civ. P. 11, identify jurisdictional facts against an appropriate defendant. Failure to comply with Rule 11 will result in dismissal of the lawsuit with prejudice.

_____
SENIOR UNITED STATES DISTRICT JUDGE